```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

EMANUEL WASHINGTON,            )
        Plaintiff,             )
                               )
     v.                        )   C.A. No. 04-11868-JLT
                               )
TRACI JENKINS, et al.,         )
        Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff Emanuel Washington shall inform this Court whether he wishes to proceed with this action or whether he wishes to voluntarily dismiss this action so that he may re-file it in the Southern District of Florida within 42 days of the date of this Memorandum and Order.  If Washington wants to proceed in this Court, he shall also either file an application to proceed without prepayment of fees or pay the $150.00 filing fee.

BACKGROUND

On August 18, 2004, the Court received several documents listing the Southern District of Florida in their captions from Emanuel Washington, an inmate at FCI Coleman in Coleman, Florida.  In these documents, Washington complains about alleged mistreatment at FCI Coleman and seeks, among other things, injunctive relief.  Washington did not submit the filing fee for this action or an

application to proceed without prepayment of fees.

## ANALYSIS

### I. Washington Shall Inform the Court Whether He Wishes to Proceed with This Action

Because the Clerk may not reject filings based on form, see Fed. R. Civ. P. 5(e), this case was opened as a new action in this Court even though all of the documents submitted by plaintiff list the Southern District of Florida in their captions. Because it appears that Washington may have intended to file these documents in the Southern District of Florida, he shall inform this Court whether he wishes to voluntarily withdraw this action pursuant to Federal Rule of Civil Procedure 41(a), or whether he wishes to proceed in this Court.

### II  If Washington Wants to Proceed With This Action, He Must Either Pay the Filing Fee or Submit a Fee Waiver Application With a Certified Prison Account Statement

If Washington wants to proceed with this action in this Court, the filing fee for this action must be addressed. A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914(a) ($150.00

filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications.[1] Thus, if Washington wants to proceed with this action, he shall also either pay the $150.00 filing fee or seek waiver of prepayment of the filing fee.

    III. <u>This Court May Screen This Action</u>

If Washington decides to proceed in this Court and pays the filing fee or seeks waiver of prepayment of the filing fee, he is further advised that this Court will review his claims on the merits and may dismiss some or all of his claims, if warranted, prior to the issuance of summonses. 28 U.S.C. §§ 1915, 1915A.

    Section 1915 authorizes federal courts to dismiss

---

[1] Because plaintiff currently is incarcerated, he is informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). If plaintiff submits a certified copy of his prison account statement, the Court will direct the appropriate prison official to withhold from plaintiff's prison account and pay to the Court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect monthly payments from plaintiff's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full. <u>Id.</u>

actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

## CONCLUSION

ACCORDINGLY,

(1) Washington shall inform this Court, in writing, within

forty-two (42) days of the date of this Memorandum and Order, whether he wishes to voluntarily withdraw his claims or whether he wishes to proceed in this Court;

(2) If Washington seeks to proceed in this Court, he shall also either pay the $150.00 filing fee for this action or file an application to proceed without prepayment of fees with a certified prison account statement within forty-two (42) days of the date of this Memorandum and Order;

(3) If Washington fails to respond to this Memorandum and Order, this action shall be dismissed without prejudice for failure to pay the filing fee; and

(4) The Clerk shall send Washington an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>29th</u> day of <u>September</u>, 2004.

                               s/Joseph L. Tauro
                              JOSEPH L. TAURO
                              UNITED STATES DISTRICT JUDGE