```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

 EMMANUEL WASHINGTON,       )
          Plaintiff,        )
                            )  Civil Action No. 04-11868-JLT
        v.                  )
                            )
 TRACI JENKINS, et al.,     )
          Defendants.       )
```

ORDER

TAURO, District Court Judge.

Before the Court is the motion of plaintiff Emmanuel Washington for appointment of counsel.  For the reasons stated below, the Court denies Washington's motion without prejudice.

BACKGROUND

On August 18, 2004, the Court received several documents listing the Southern District of Florida in their captions from Washington, an inmate at FCI Coleman in Coleman, Florida.  In these documents, Washington complains about alleged mistreatment at FCI Coleman and seeks, among other things, injunctive relief.  Washington did not submit the filing fee for this action or an application to proceed without prepayment of fees.  On September 29, 2004, this Court ordered Washington to inform the Court whether he wished to voluntarily withdraw his claims or whether he wished to proceed in this Court.  The Court also ordered that, if Washington decided to proceed with his action in this Court, he pay the $150.00 filing fee for this action or file an

application to proceed without prepayment of fees.

On October 15, 2004, the Court received Washington's application to proceed without prepayment of fees and his motion for appointment of counsel. On October 25, 2004, the Court received a letter from Washington referencing this case but addressed to the Honorable Judge Saris of this District Court. In his letter, Washington alleges further harassment by prison officials.

## ANALYSIS

Washington has not explicitly informed the Court whether he wishes to proceed in this Court rather than bringing his action in the Southern District of Florida. Nonetheless, I will infer from the fact that Washington has filed further pleadings in this Court, including an application to proceed without prepayment of fees,[1] that he intends to proceed with his action in this district.

Under Section 1915(e)(1) of title 28 of the United States Code, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for

---

[1] I will dispose of Washington's application to proceed without the prepayment of fees in a separate order.

appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 24 (citations omitted).

Because Washington's complaint is still subject to screening, as authorized by 28 U.S.C. §§ 1915 and 1915A, it has not yet been served on the defendants and the defendants have thus not filed answers or other responsive pleadings to the complaint.  Consequently, I cannot determine, at this time, whether there are exceptional circumstances sufficient to warrant appointment of counsel.  I therefore deny the motion for counsel without prejudice to its refiling after the defendants have filed answers or other responsive pleadings to the complaint.

## CONCLUSION

For the above-stated reasons, the Court denies without prejudice Washington's motion for appointment of counsel.

SO ORDERED.

Dated at Boston, Massachusetts, this  15th  day of November , 2004.

 /s/ Joseph L. Tauro
UNITED STATES DISTRICT JUDGE