UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMMANUEL WASHINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 04-11868-JLT |
| | * | |
| TRACI JENKINS, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER OF TRANSFER

TAURO, J.

Plaintiff, Emmanuel Washington, now residing in a community corrections center in Boston, Massachusetts, brings this pro se action in which he alleges that various officials at FCI Coleman in Coleman, Florida, violated Washington's rights under the First, Sixth, Eighth, and Fourteenth amendments of the Constitution while Washington was incarcerated in that prison. The Court previously granted Washington's motion to proceed in forma pauperis.

It has since come to the Court's attention that venue does not lie within the District of Massachusetts. When jurisdiction is not founded solely on diversity, venue is proper in (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is "well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. §§ 1404(a) and 1406(a))," Desmond v. Nynex Corp., 1994 WL 577479, at

*3 (1st Cir. Oct. 20, 1994) (unpublished); see also Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916 (5th Cir. 1987) (same), cited with approval in Desmond v. Nynex Corp., 1994 WL 577479, at *3.

     Here, subsections (1) and (3) of 28 U.S.C. § 1391(b) do not establish venue in the District of Massachusetts because the defendants, all officials at a federal prison in Florida, do not reside in Massachusetts. Likewise, subsection (2) does not provide for venue within this district because none of the "events or omissions giving rise to the claim" occurred in the District of Massachusetts. Instead, the alleged "events or omissions giving rise to the [plaintiff's] claim" occurred in Sumter County, Florida. Sumter County is within the venue of the Middle District of Florida. 28 U.S.C. § 89(b).

     Accordingly, in the interest of justice, this action is hereby TRANSFERRED to the United States District Court for the Middle District of Florida.

     The Clerk is directed to transfer the action forthwith and to terminate all pending motions from this Court's docket.

SO ORDERED.

 7/25/05                                  /s/ Joseph L. Tauro
DATE                                    UNITED STATES DISTRICT JUDGE